IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK, N.A.,

    Plaintiff,

  v.

BENJAMIN S. SISON and MARIA AGNES SISON,

    Defendants.
                                   /

No. C 10-02677 CW

ORDER REMANDING ACTION TO STATE COURT

    On or about May 12, 2010, Plaintiff Wells Fargo Bank, N.A., filed an unlawful detainer action in San Mateo County Superior Court against Defendants Benjamin S. Sison and Maria Agnes Sison. See Notice of Removal Ex. B. On June 18, 2010, Defendants filed a Notice of Removal, asserting that they removed the action based on federal question jurisdiction. See 28 U.S.C. § 1331.

    Federal courts are required to examine whether they have subject matter jurisdiction and may do so sua sponte, irrespective of whether a party raises the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004). A district court must remand an action to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). It is "presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation, internal quotation and editing marks omitted). Based on this presumption,

federal courts must resolve "all ambiguity in favor of remand to state court." Id. (citing Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992)).

To determine whether federal question jurisdiction exists, courts apply the well-pleaded complaint rule, which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Hunter, 582 F.3d at 1042 (citation and internal quotation marks omitted). A plaintiff "may 'avoid federal jurisdiction by relying exclusively on state law.'" Id. (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1006 (9th Cir. 2000)). "A federal law defense to a state-law claim does not confer jurisdiction on a federal court . . . ." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)).

Defendants assert that Plaintiff brings its unlawful detainer action under several federal statutes, including the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act and the Truth in Lending Act. However, Plaintiff's complaint does not contain any claims under federal law, nor does it cite any federal statutes. The sole cause of action is for unlawful detainer, which does not support federal question jurisdiction. See Bank of Am. v. Moran, 2010 WL 1710571, at *1 (N.D. Cal.); Residential Funding Real Estate Holdings v. Chavez, 2010 WL 3220065, at *4 (C.D. Cal.). Although Defendants may seek to raise defenses under the federal statutes they cite, this is not sufficient to permit the Court to hear this case. Consequently,

the Court lacks subject matter jurisdiction over Plaintiff's unlawful detainer action.

Accordingly, the Court REMANDS this case to San Mateo County Superior Court. The case management conference set for September 28, 2010 is VACATED.

IT IS SO ORDERED.

Dated: September 22, 2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK,

        Plaintiff,

  v.

BENJAMIN S SISON, et al.,

        Defendants.
           /

Case Number: CV10-02677 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 22, 2010, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the persons hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.

Benjamin S. Sison
40 Maywood Avenue
Daly City,  CA 94015

Maria Agnes Sison
40 Maywood Avenue
Daly City,  CA 94015

Dated: September 22, 2010

                                        Richard W. Wieking, Clerk
                                        By: MP, Deputy Clerk